# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIE FRED BRADY,

    Plaintiff,

  v.

WARDEN, et. al.,

    Defendants.

CV F 05-599 AWI SMS P

FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. 1.)

    Willie Fred Brady ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On June 6, 2005, this Court issued an Order requiring Plaintiff to submit the filing fee or, in the alternative, submit a completed Application to proceed in forma pauperis. Plaintiff was granted thirty days to comply. However, thirty days have passed and Plaintiff has not submitted the Application, paid the fee or made any other form of contact with the Court.

    Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

1

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
2  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
3  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
4  comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833
5  F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

6      In determining whether to dismiss an action for lack of prosecution, the Court must
7  consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the
8  Court's need to manage its docket; (3) the risk of prejudice to the defendantss; (4) the public
9  policy favoring disposition of cases on their merits; and, (5) the availability of less drastic
10 alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856
11 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving
12 this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The
13 Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff.  The third
14 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
15 injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
16 Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
17 disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
18 discussed herein.  Finally, the court's warning to a party that failure to obey the court's order will
19 result in dismissal satisfies the "considerations of the alternatives" requirement.  Ferdik v.
20 Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d 1424.  The Court's
21 order dated June 6, 2005, expressly forewarned Plaintiff of a dismissal in the event of his
22 noncompliance.  Thus, Plaintiff had adequate warning that dismissal could result from his
23 noncompliance with the court's order.

24                                   RECOMMENDATION

25     Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED and the
26 action TERMINATED for Plaintiff's failure to comply with a Court order and prosecute the
27 action.

28     The Court HEREBY ORDERS that these Findings and Recommendations be submitted

1  to the United States District Court Judge assigned to this action pursuant to the provisions of 28
2  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3  District Court, Eastern District of California.  Within THIRTY (30) days after being served with
4  a copy of these Findings and Recommendations, any party may file written Objections with the
5  Court and serve a copy on all parties.  Such a document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served
7  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the
8  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
9  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time
10 may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
11 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:    August 1, 2005**               /s/ Sandra M. Snyder
   icido3                                    UNITED STATES MAGISTRATE JUDGE